IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **MICHAEL LOUE GARRETT, 258594,** § | | |
| Petitioner, § | | |
| § | | 3:05-MC-110-G |
| v. § | | |
| § | | |
| **DOUGLAS DRETKE, Director, TDCJ-CID,** § | | |
| **and RISSIE OWENS, Chairperson, Board of** § | | |
| **Pardons and Paroles,** § | | |
| Respondents. § | | |

# FINDINGS CONCLUSIONS AND RECOMMENDATION
# OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge follow:

**Discussion:**

Petitioner has filed a motion for leave to file a habeas corpus petition *in forma pauperis*. Petitioner has previously been sanctioned for filing frivolous lawsuits. Petitioner has been barred from filing any civil cases *in forma paupers*, whether sounding in habeas or in any other area of civil law, unless he first obtains permission from a United States District Judge or a United States Magistrate Judge. *See Garrett v. Johnson*, No. 2:01-CV-209 (N.D. Tex., Amarillo Div.).

In this case, Petitioner argues that documents in his prison and parole files are erroneous, which caused his parole to be revoked and has caused him to be denied release onto parole. He

**Findings, Conclusions and Recommendation
of the United States Magistrate Judge**     Page -1-

states the records show that he was charged with sexual assault of a child, when he in fact was charged with aggravated criminal sexual abuse involving a minor. He also states the offense occurred in March, 1988, but the records reflect that the offense occurred in March, 1989. Additionally, he claims that his file contains letters that purport to be written by him, but that he did not write. Petitioner states that as a result of these erroneous records, prison officials have harassed and mistreated him by calling him a "child molester" and have increased the penalties for disciplinary charges. Petitioner seeks to have the Court order the Respondents to expunge these erroneous records. He also seeks a new parole revocation hearing and a new parole review.

**Discussion:**

Petitioner has filed a petition with mixed claims including mandamus and habeas claims.[1] Petitioner has previously attempted to file a habeas corpus petition asking that the Court order respondent to expunge allegedly erroneous information contained in his disciplinary files. *See Garrett v. Dretke*, No. 2:03-MC-0002 (N.D. Tex. Amarillo Div.). Petitioner argued that the alleged erroneous information was causing him to be denied release onto parole. The Court found, *inter alia*, that the petition actually sought mandamus relief and therefore denied Petitioner leave to file his habeas petition. Petitioner likewise should be denied leave to file his mandamus claims in this habeas petition.

Petitioner also seeks habeas relief for a parole revocation that occurred in 1989. He seeks to have this revocation vacated. Petitioner has not shown that he has complied with the one-year

---

[1] If Petitioner is seeking relief for alleged harassment and mistreatment by prison guards, his petition may also include civil rights claims under 42 U.S.C. § 1983.

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge**          Page -2-

statute of limitations for challenging this revocation.

The Court finds that Petitioner has not shown any valid reason for not enforcing the sanctions previously imposed. Petitioner's motion for leave to file this habeas petition *in forma pauperis* should be denied.

**Recommendation:**

The Court recommends that the District Court deny the motion for leave to file *in forma pauperis*. The Court further recommends that the District Court dismiss this action unless Plaintiff tenders the $5.00 filing fee to the District Clerk within ten (10) days of the filing of this recommendation

Signed this 24th day of October, 2005.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

# INSTRUCTIONS FOR SERVICE AND
# NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions and recommendation on Plaintiff by mailing a copy to him by United States Mail. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must serve and file written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a de novo determination by the District Court. See Thomas v. Arn, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).